

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100


ARMIN GHIAM
DIRECT DIAL: 212 • 908 • 6207
EMAIL: aghiam@HuntonAK.com

November 22, 2023

**Via ECF**

The Honorable Frederic Block
Senior United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>*Solana v. USAA Federal Savings Bank*</u>, No. 1:23-cv-6793-FB-JRC

Dear Judge Block:

We represent Defendant USAA Federal Savings Bank ("USAA") in the above-captioned matter.  Pursuant to your Individual Motion Practices, USAA requests a pre-motion conference about its proposed motion to compel Plaintiff Gerardo Solana to arbitrate his individual claims against USAA.  As this letter will show, Plaintiff has certain deposit accounts with USAA, and this case concerns a data exposure related those accounts.  Specifically, Plaintiff asserts this putative nationwide class action alleging a single count of negligence related to the data exposure.  However, Plaintiff's Depository Agreement and Disclosures ("DAD") with USAA not only requires him to arbitrate his individual claims and waives his ability to bring class claims, but also delegates threshold issues of arbitrability to the arbitrator.  The Court should grant USAA FSB's motion to compel arbitration and dismiss this action.  Given that USAA's deadline to answer or otherwise respond to the Complaint is November 27, 2023, USAA also requests a stay of all deadlines in this matter pending resolution of the proposed motion to compel arbitration.

**<u>Complaint's Allegations</u>** – Plaintiff's putative class action complaint alleges that USAA negligently failed to secure and safeguard certain of his account-related personal information that was exposed in an information security incident about which USAA notified Plaintiff.  *See, e.g.*, Am. Compl. ¶¶ 1, 7.

**<u>Plaintiff's USAA Accounts and the Arbitration Agreement</u>** – Plaintiff opened a USAA Classic Checking Account and USAA Savings Account on July 17, 2020.  As part of the account set-up process, Plaintiff signed and returned to USAA a Signature Card that expressly acknowledged receipt of the DAD.  The current DAD references arbitration in several places, *see* DAD (attached as Exhibit 1) at 3-4, 48-51.  The DAD (at p. 48) states in relevant part:

Senior Judge Frederic Block
November 22, 2023
Page 2

> **Arbitration and Waiver of Class Action**
>
> Please read this *Arbitration and Waiver of Class Action* section carefully.
>
> IF YOU AND FSB ARE UNABLE TO RESOLVE A DISPUTE, YOU AND FSB AGREE THAT UPON ELECTION BY EITHER YOU OR FSB, ANY COVERED CLAIM SHALL BE RESOLVED BY ARBITRATION ON AN INDIVIDUAL BASIS ACCORDING TO THE TERMS OF THIS *ARBITRATION AND WAIVER OF CLASS ACTION* SECTION. ACCORDINGLY, YOU AGREE TO WAIVE YOUR RIGHT TO A TRIAL BY A JUDGE OR JURY OR TO PARTICIPATE IN A COLLECTIVE OR CLASS ACTION AGAINST FSB IN CONNECTION WITH ANY COVERED CLAIM. THIS *ARBITRATION AND WAIVER OF CLASS ACTION* SECTION SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT, AND TO THE EXTENT THAT LOCAL LAW APPLIES, BY THE LAWS OF THE STATE OF TEXAS.

**Plaintiff's Claim is Subject to Arbitration on an Individual Basis** – There can be no reasonable dispute that the DAD, along with its arbitration provision, is a valid agreement that controls here. *See Lezell v. USAA Savings Bank*, 2016 WL 1212368, at *2 (E.D.N.Y. Mar. 28, 2016) (Block, J.) (enforcing near-identical arbitration agreement in USAA's credit card agreement). By signing the Signature Card and opening his accounts, Plaintiff demonstrated his intent to be bound by the terms governing his accounts. *See Young v. USAA Fed. Savings Bank*, 2022 WL 748597, at *1–2 (M.D. Fla Feb. 3, 2022) (finding arbitration agreement in DAD enforceable); Ex. 1 at 4 (identifying methods under which Plaintiff could accept the DAD). Plaintiff's maintenance of his accounts and use of USAA services also constitutes acceptance of the terms governing the accounts under Texas law.[1] *See Stinger v. Chase Bank, USA, NA*, 265 F. App'x 224, 227 (5th Cir. 2008) ("It is undisputed that both [agreements] provided they would become effective upon use of the cards and that [plaintiff] used both cards. . . . By using the cards, [plaintiff] demonstrated an intent to be bound by the terms of the [agreements] and thus agreed to the arbitration provisions."); Ex. 1 at 4.

Moreover, the Court's analysis is limited to determining that the parties formed a valid arbitration agreement because the agreement both expressly and implicitly delegates gateway issues of arbitrability to the arbitrator. *See Lezell*, 2016 WL 1212368, at *1 ("These

---

[1] This Court should apply Texas law because the DAD expressly provides that Texas law shall apply, and the arbitration agreement incorporates Texas law where applicable. *See B.M. Heede, Inc. v. West India Mach. & Supply Co.*, 272 F. Supp. 236, 241 (S.D.N.Y. 1967) ("[P]arties may stipulate in the contract the law to be applied in determining questions of validity . . . .").

Senior Judge Frederic Block
November 22, 2023
Page 3

'gateway' arbitration provisions, in which the question of arbitrability is itself determined in an arbitral forum, have been sanctioned by the Supreme Court."); *457 Realty Corp. v. Chamois Props., Inc.*, 2019 WL 13236157, at *7 (E.D.N.Y. June 19, 2019) (noting that incorporation of AAA rules "into the contract by reference is a clear manifestation of parties' intent to submit all questions of arbitrability and jurisdiction to the arbitrator").

Plaintiff's negligence claim, based on the data exposure, also easily falls within the scope of arbitration agreement. It defines a "Covered Claim" broadly and explicitly includes a claim that "relat[es] to the retention, protection, use, or transfer of [Plaintiff's] information." Ex. 1 at 48-49. *See also WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) ("[T]he existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if 'it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." (quoting *Associated Brick Mason Contractors of Greater N.Y., Inc. v. Harrington*, 820 F.2d 31, 35 (2d Cir. 1987))).

The Court should dismiss this action pending arbitration of Plaintiff's claim. *See Castellanos v. Raymours Furniture Co.*, 291 F. Supp. 3d 294, 302 (E.D.N.Y. 2018) ("When a stay is not requested, a district court has discretion in determining whether to stay or dismiss the case pending arbitration.").

For the foregoing reasons, USAA respectfully requests a pre-motion conference to discuss the proposed motion with the Court. If the Court ultimately grants USAA FSB's motion to compel arbitration, it will not be necessary for the parties or this Court to expend resources on, among other activities, briefing and deciding a motion to dismiss. To avoid the unnecessary expenditure of resources by the Court and the parties, the Court should further stay all deadlines in this matter pending resolution of the motion to compel arbitration. The parties have conferred about the requested relief, and Plaintiff is still considering its positions.

                        Respectfully submitted,

                        /s/ Armin Ghiam
                        Armin Ghiam

                        *Counsel for Defendant USAA Federal Savings Bank*

cc:      All counsel of record (via CM/ECF)